

**DICELLO LEVITT GUTZLER**

TEN NORTH DEARBORN STREET   SIXTH FLOOR   CHICAGO, ILLINOIS 60602

AMY KELLER
AKELLER@DICELLOLEVITT.COM
312.214.7900

December 22, 2023

**DELIVERY METHOD: CM/ECF**

Hon. Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Huckabee v. Meta, et al.,* **Case No. Case No. 1:23-cv-09152 (S.D.N.Y.)**

Dear Judge Schofield:

      Pursuant to Rule III.C.2 of Your Honor's Individual Rules and the Court's December 6, 2023 Order (Doc. 53), we respectfully submit this letter on behalf of all Plaintiffs in response to the December 15, 2023 letter of Defendants Bloomberg L.P. and Bloomberg Finance L.P. (together, "Bloomberg"), regarding their intent to move to dismiss all causes of action against them pursuant to Fed. R. Civ. P. 12(b)(6).

      **I.**    **The Complaint adequately pleads copyright infringement (Count 1).**

      "The Copyright Act encourages creativity by granting to the author of an original work 'a bundle of exclusive rights.'" *Andy Warhol Found. for the Visual Arts v. Goldsmith*, 598 U.S. 508, 526 (2023) (quoting *Harper & Row, Publishers, Inc. v. Nation Enter.*, 471 U.S. 539, 546 (1985)). One of the exclusive rights in that "bundle" is the "right to reproduce the copyrighted work." *Id.* (citing 17 U.S.C. § 106). To establish a claim for copyright infringement, the plaintiff must show only that (1) she owns a valid copyright and (2) that the defendant engaged in unauthorized copying of the copyrighted work. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); 17 U.S.C. § 501(a).

      The Complaint satisfies those two elements. It alleges that the Plaintiffs own valid copyrights in the works at issue. Compl. ¶¶ 19-24, 93. It further alleges that Bloomberg engaged in the unauthorized copying of those works when it "created, copied, maintained and/or utilized the Books3 dataset, which includes unlicensed copies of the Infringed Works," without the Plaintiffs' authorization or permission. *Id.* ¶¶ 94-95.

Bloomberg offers only two reasons why these allegations are insufficient, at the pleading stage, to state a claim for copyright infringement. Neither is persuasive.

*First*, Bloomberg claims that "it is not an act of copyright infringement to extract and use information from otherwise copyrighted works." Doc. 54 at 2 (emphasis added). But the cases Bloomberg cites for that proposition dealt with the use of purely factual information that was not subject to copyright protection. *See Feist*, 499 U.S. at 349-50 (names, towns, and addresses not subject to copyright protection); *Harper & Row*, 471 U.S. at 547 ("no author may copyright facts or ideas"); *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 847 (2d Cir. 1997) (professional basketball games are not "original works of authorship" protected by Copyright Act). Though Bloomberg asserts that it has "done nothing more" than "extract" and "use" uncopyrightable material from the Plaintiffs' works, Doc. 54 at 2, the Complaint alleges that Bloomberg copied and used the "*full text*" of Plaintiffs' books—text that comprises much more than simply factual information—without authorization. Compl. ¶¶ 39, 44, 68-72. Even if Bloomberg is ultimately able to prove that Plaintiffs' works *contained* some, uncopyrightable facts, the wholesale copying and use of those works to train its LLM, as alleged, constitutes infringement. *See Harper & Row*, 471 U.S. at 548 (lifting of 300-400 words and "generous verbatim excerpts" from copyrighted text was "not fair use").

*Second*, Bloomberg contends that dismissal is appropriate based on the defense of "fair use." Doc. 54 at 2. The fact-intensive, four-factor fair use analysis cannot be resolved on a motion to dismiss in this case. Indeed, the "fact-driven nature of the fair use determination" requires "a district court [to] be cautious in granting [even] *Rule 56* motions in this area"—let alone a motion to dismiss based solely on the pleadings. *Wright v. Warner Books, Inc.*, 953 F.2d 731, 735 (2d Cir. 1991) (emphasis added). Although the Second Circuit has "acknowledged the *possibility* of fair use being so clearly established by a complaint as to support dismissal" under 12(b)(6), it is generally inappropriate for dismissal at the pleading stage. *TCA Television Corp. v. McCollum*, 839 F.3d 168, 178 (2d Cir. 2016) (emphasis added); *see also Harper & Row*, 471 U.S. at 560 (fair use may be decided only where there have been factual findings "sufficient to evaluate each of the statutory factors").[1] There is no basis for premature application of the fair use defense in this case.

Finally, while Bloomberg misleadingly suggests that similar cases regarding generative AI models have also been "dismissed," the claims for direct copyright infringement in those cases were *not* dismissed and, in one, were not even the subject of a motion to dismiss. *See Andersen v. Stability AI Ltd.*, No. 23-cv-00201, 2023 WL 7132064, at *5 (N.D. Cal. Oct. 30, 2023) (denying motion to dismiss claim for copyright infringement); *Kadrey v. Meta Platforms, Inc.*, 23-cv-03417, 2023 WL 8039640, at *1 (N.D. Cal. Nov. 20, 2023) (defendant did not move to dismiss claim for copyright infringement).

---

[1] The lone case Bloomberg cited, in a footnote, for the proposition that courts "routinely" grant 12(b)(6) dismissals based on fair use hardly says otherwise. *See Brown v. Netflix, Inc.*, 462 F. Supp. 3d 453 (S.D.N.Y. 2020). *Brown* presented one of the rare circumstances where "the facts necessary to establish the defense are evident on the face of the complaint." *Id.* at 453. There are no such facts present here, and Bloomberg has identified none.

## II. The Complaint states a claim for vicarious copyright infringement (Count 2).

To state a claim for vicarious copyright infringement, the plaintiff must allege that the defendant "profit[ed] from direct infringement" while "declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). The Plaintiffs have plausibly pleaded both elements. The Complaint alleges that Defendant EleutherAI and other named individuals created, compiled and/or made available the dataset that impermissibly contains pirated, full-text copies of the infringed works (i.e., the direct, third-party infringement). Compl. ¶¶ 4-12. The Complaint further alleges that the infringing dataset was used by Bloomberg to train its LLM, "with the full knowledge and understanding that the datasets they were using … were assembled from copyrighted works," *id.* ¶¶ 10-11, and that Bloomberg "profit[ed]" from that infringement, without doing anything to stop it, even though Bloomberg had "the right and ability to control … the dataset contained in Books3." *Id.* ¶¶ 12, 103. The Complaint also alleges vicarious liability based on the financial benefits Bloomberg derives from infringing *outputs* by its LLM, which it has "the right and ability to control." *Id.* ¶¶ 102-03.

Bloomberg thus incorrectly argues that the Plaintiffs do not plausibly allege any third-party direct infringement. To the extent the Court finds these allegations insufficient, however, the Plaintiffs are prepared to amend Count 2 of the Complaint to more explicitly allege the acts of third-party infringement necessary to state a claim for vicarious copyright infringement by Bloomberg.

## III. The Complaint states a claim for violation of the DMCA (Count 3).

The Plaintiffs have adequately alleged a claim for violation of the DMCA. First, they allege that Bloomberg provided "false" copyright management information (CMI) by "falsely claiming that [Bloomberg has] the sole copyright in the language models." Compl. ¶ 110; 17 U.S.C. § 1202(a). Second, they allege that Bloomberg improperly removed or altered the Plaintiffs' CMI under 17 U.S.C. § 1202(b). The Complaint alleges that each of the Plaintiffs' works contained several types of CMI, Compl. ¶ 107, and that Bloomberg removed that CMI when it copied the Plaintiffs' works and used them as training data for its LLM, *id.* ¶¶ 108-09.

Moreover, the Complaint alleges Bloomberg's "double scienter," by alleging that it intentionally removed CMI from the Plaintiffs' works and "knew or had reasonable grounds to know that this removal of CMI would facilitate copyright infringement …." *Id.* ¶ 111. Bloomberg's alleged "awareness that distributing copyrighted material without proper attribution of CMI will conceal his own infringing conduct satisfies the DMCA's second scienter requirement." *Mango v. Buzzfeed, Inc.*, 970 F.3d 167, 172 (2d Cir. 2020). For this reason, the Plaintiffs have properly stated a claim for violation of the DMCA.

## IV. The Plaintiffs intend to seek leave to amend their claims for conversion, negligence, and unjust enrichment (Counts 4-6), to avoid preemption.

A state law claim is not preempted by the Copyright Act if the state law claim includes "any extra elements that make it qualitatively different from a copyright infringement claim."

*Integrative Nutrition, Inc. v. Academy of Healing Nutrition*, 476 F. Supp. 2d 291, (S.D.N.Y. 2007) (citing *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004)). Although the Plaintiffs do not agree that their claims, as currently alleged, are preempted, pursuant to Rule III.C.2 of the Court's Individual Practices, Plaintiffs note that they intend to seek leave to amend Counts 4, 5, and 6 of the Complaint, to ensure those claims are qualitatively different from a copyright infringement claim.

                              Respectfully submitted,

                              Amy Keller
                              DICELLO LEVITT LLP
                              Ten North Dearborn Street, Sixth Floor
                              Chicago, Illinois 60602
                              Tel. (312) 214-7900
                              akeller@dicellolevitt.com

                              *Counsel for the Plaintiffs*

cc:     All counsel of record.