UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIKE HUCKABEE, RELEVATE GROUP,
DAVID KINNAMAN, TSH OXENREIDER,
LYSA TERKEURST, and JOHN BLASE
*on behalf of themselves and all others
similarly situated*,

               Plaintiffs,

        v.

META PLATFORMS, INC., BLOOMBERG
L.P., BLOOMBERG FINANCE, L.P.,
MICROSOFT CORPORATION, and
THE ELEUTHERAI INSTITUTE,

             Defendants.

Case No. 1:23-cv-09152-LGS

CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2.     The parties **have not** conferred pursuant to Fed. R. Civ. P. 26(f).

3.     This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

     a.     An employment case governed by the Initial Discovery Protocols for Employment cases?

               Yes _____ / No ___X_____

     b.     A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York?

               Yes _____ / No ___X_____

     c.     A patent case subject to the Local Patent Rules and the Court's Individual Rules?

               Yes _____ / No ___X_____

    d.      A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?

        Yes _____ / No ___X____

4.      Alternative Dispute Resolution/Settlement

    a.      Settlement discussions have not taken place.

    b.      Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

        (Not applicable.)

    c.      Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution for this case:

        ***Plaintiffs' position:*** participation in the District's Mediation Program

        ***Bloomberg Defendants' position:*** a settlement conference before a Magistrate Judge

    d.      Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case:  After completion of discovery.

    e.      The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5.      No additional parties may be joined after **March 6, 2024**, without leave of Court.

6.      Amended pleadings may be filed without leave of Court until **March 6, 2024**.

7.      Initial disclosures pursuant to Fed. R. Civ. 26(a)(1) shall be completed no later than **March 15, 2024**.

8.      Fact Discovery

    a.      All fact discovery shall be completed no later than **August 9, 2024**.

    b.      Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by **March 15, 2024.**

    c.      Responsive documents shall be produced by **June 14, 2024**.

        Do the parties anticipate e-discovery? Yes ___X____ / No_____

d.      Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by **July 10, 2024**.

e.      Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by **August 9, 2024**.

f.      Requests to admit pursuant to Fed. R. Civ. P. 35 shall be served by **July 10, 2024**.

g.      **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9.      Expert discovery

a.      Anticipated types of experts if any:

Plaintiffs anticipate the following types of experts, if any: an authentication expert, a computer engineer expert, an expert in artificial intelligence, and an economics expert.  Plaintiffs reserve the right to designate any,  or all, of these experts in support of their expected motion for class certification.

Bloomberg Defendants anticipate the following types of experts, based on Plaintiffs' claims as currently presented: one or more technical expert(s); a linguistics expert, and an economics expert.  Bloomberg Defendants further reserve their right to offer expert testimony in support of their anticipated opposition to Plaintiffs' anticipated motion for class certification.

b.      If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than **September 23, 2024 (with the exception of any expert testimony relating to the issue of class certification)**.

c.      If you have identified types of experts in question 9(a), by **one month prior to the close of fact discovery**, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert reports of the party with the burden of proof shall be due before those of the opposing party's experts; and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10.      This case is to be tried to a jury.

11.      Counsel for the parties have conferred and their present best estimate of the length of trial is 2-3 weeks.

12.      Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

Plaintiffs anticipate moving for class certification after the close of fact discovery. They do not expect that such motion will delay the schedule or otherwise alter the proposed dates for expert discovery or dispositive motions.

The Bloomberg Defendants respectfully request that the Court establish a schedule for briefing of and discovery relating to class certification, after the close of pleadings, allowing sufficient time in such schedule for the Bloomberg Defendants to develop and present fact and expert evidence responsive to such motion.

The Bloomberg Defendants further request that the Bloomberg Defendants' and Plaintiffs' Stipulation and Proposed Order Regarding Discovery (Dkt. No. 63) and anticipated motion to dismiss be addressed (Dkt. No. 76).

13.    Status Letters and Conferences

    a.    By **April 15, 2024**, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3.

    b.    By **August 23, 2024**, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3 and, in the event that they have not already been referred to settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c.    On **October 28, 2024**, at 10:00 A.M., a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i.    A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

        ii.    **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c), and 13(a)-(c) into the Court's calendar, and to schedule the conference under paragraph 13(c) as a Pre-

Motion Conference, even though the conference will be held by telephone.

**SO ORDERED**

Dated: _____

      New York, New York

_____

      LORNA G. SCHOFIELD

      United States District Judge

Counsel for the Parties:

Nicole M. Jantzi
**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
801 17th Street NW
Washington, DC 20006
Telephone: (202) 639-7265
nicole.jantzi@friedfrank.com

*Attorney for Defendants Bloomberg L.P. and Bloomberg Finance L.P.*

Amy E. Keller
**DICELLO LEVITT LLP**
10 N Dearborn Street
6th Floor
Chicago, IL 60602
Telephone: (312) 214-7900
akeller@dicellolevitt.com

*Attorney for the Plaintiffs and Proposed Class*