UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/20/2026

| | |
|---|---|
| MIKE HUCKABEE, RELEVATE GROUP, DAVID KINNAMAN, TSH OXENREIDER, LYSA TERKEURST, and JOHN BLASE *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> BLOOMBERG L.P., and BLOOMBERG FINANCE, L.P., <br><br> Defendants. | Case No. 1:23-cv-09152-MMG <br><br> **PROTECTIVE ORDER** |

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. **Protected Discovery Material**. As used in this Order, "Protected Discovery Material" means information designated as "CONFIDENTIAL"; "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" by the producing party that falls within one or more of the following categories: Information or documents that are available to the public may not be designated as Protected Discovery Material. The parties anticipate that documents will be reviewed for applicability of these categories and blanket designations will not be applied to all documents simply because they are produced in relation to the current litigation. Only those parts of material, documents, items, or oral or written communications that qualify should be designated Protected Discovery Material.

    a. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) including but not limited to any of the following:

    - information prohibited from disclosure by statute;

    - medical information concerning any individual;

    - personal identity information;

    - income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

- personnel or employment records of any person;

- previously nondisclosed material relating to ownership or control of any non-public company; or

- any other category of information hereinafter given confidential status by the Court.

b.  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible thing that contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Protected Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, may merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

c.  "HIGHLY CONFIDENTIAL - SOURCE CODE" Information or Items: extremely sensitive confidential information or items representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.  **Restrictions on Disclosure and Use of Protected Discovery Material.**

a.  Unless otherwise ordered by the Court, Protected Discovery Material designated "CONFIDENTIAL" may be disclosed only to the following: (i) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation; (ii) the named parties to this action, including officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation; (iii) retained or consulting experts in this litigation; (iv) Court, jury, and court personnel; (v) mediator, arbitrator, or other dispute-resolution neutral assigned to hear this matter; (vi) mock jurors who have been bound by this Protective Order; (vii) professional vendors to whom disclosure is reasonably necessary for this litigation; and (viii) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy.

b.  Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to the following: (i) the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is necessary to disclose the information for litigation; (ii) designated in-house counsel of the Receiving Party; (iii) retained or consulting experts in this litigation; (iv) Court, jury, and court personnel; (v)

mediator, arbitrator, or other dispute-resolution neutral assigned to hear this matter; (vi) mock jurors who have been bound by this Protective Order; (vii) professional vendors to whom disclosure is reasonably necessary for this litigation; and (viii) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

c.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Discovery Material designated "HIGHLY CONFIDENTIAL - SOURCE CODE" may be disclosed only to the following: (i) the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is necessary to disclose the information for litigation; (ii) retained or consulting experts in this litigation; (iii) Court, jury, and court personnel; (iv) mediator, arbitrator, or other dispute-resolution neutral assigned to hear this matter; and (v) mock jurors who have been bound by this Protective Order.

d.   Protected Discovery Material shall be used solely for prosecuting, defending, or attempting to settle this action, and for no other purpose. Recipients may not use Protected Discovery Material for any business, commercial, or competitive purpose.

3.   **Designation**. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, a party may designate a document as Protected Discovery Material for protection under this Order by placing or affixing the words "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE," as appropriate, on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Protected Discovery Material. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Protected Discovery Material are not required to be marked.

4.   **Depositions.** Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the record at the time the testimony is taken or within thirty (30) days after receipt of the transcripts. Such designation shall be specific as to the portions that contain Protected Discovery Material. Any testimony which describes a document which has been designated as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," as described above, shall also

be deemed to be designated as such. If at any time prior to the trial of this action, a producing party realizes that some portion(s) of Discovery Material that that party previously produced without limitation should be designated as Protected Discovery Material under the terms of this Order, the producing party may so designate by apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated under such designation under the terms of this Order.

5. **Filing of Protected Information**.

   a. This Order does not, by itself, authorize the filing of any document under seal. To the extent that any materials subject to this Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, the filing party shall comply with the Court's Individual Rules and Practices and the S.D.N.Y. Electronic Case Filing Rules & Instructions governing sealed or redacted filings.

   b. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Protected Discovery Material. The Court also retains unfettered discretion whether to afford confidential treatment to any document designated as Protected Discovery Material or information contained in any document designated as Protected Discovery Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

6. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires confidentiality protection greater than that afforded by this Order unless the party moves for and obtains an order providing such special confidentiality protection.

7. **Challenges by a Party to Designation as Protected Discovery Material.** Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with this Court's Individual Rules & Practices in Civil Cases.

8. **Inadvertent Failure to Designate.** An inadvertent failure to designate Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," does not waive the Producing Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party shall make reasonable efforts to treat the material in accordance with the corrected designation and to retrieve any copies disclosed in a manner inconsistent with the corrected designation. No Receiving Party shall be deemed in violation of this Order for any use or

4

disclosure of such material occurring prior to receiving written notice of the corrected designation.

9. **Inadvertent Disclosure of Protected Discovery Material.** Each person who has access to Protected Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

    a.  If a recipient learns that, by inadvertence or otherwise, it has disclosed Protected Discovery Material to any person or in any circumstance not authorized under this Order, the recipient must immediately (a) notify in writing the producing party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

    b.  Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the parties who receive such information in a manner that is secure and confidential. In the event that the party receiving PII experiences a data breach, it shall immediately notify the producing party of the same and cooperate with the producing party to address and remedy the breach.

10. **Inadvertent Disclosure of Privileged Information.** If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

    a.  If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court.  The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

    b.  Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

    c.  As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

    d.  The disclosing party retains the burden of establishing the privileged or protected nature of any information.  Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

5

11. **Protected Discovery Material Subpoenaed or Ordered Produced in Other Litigation.**

   a. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Protected Discovery Material, the receiving party must notify the designating party, in writing, promptly after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

   b. The receiving party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

   c. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Protected Discovery Material in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Protected Discovery Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Protected Discovery Material by another party to this case.

   d. If the designating party does not obtain timely relief, the Receiving Party may comply with the subpoena or order, provided it produces only that portion of the material legally required and uses reasonable efforts to ensure the material is treated as confidential in the other proceeding.

12. **Obligations on Conclusion of Litigation.**

   a. This Protective Order shall survive the termination of the litigation. At the conclusion of the litigation, all material treated as Protected Discovery Material under this Order and not received in evidence shall be returned to the producing party or destroyed instead of being returned.

   b. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Protected Discovery Material so long as that work product does not duplicate verbatim substantial portions of Protected Discovery Material, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Protected Discovery Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Discovery Material.

13. **Retention of Jurisdiction**. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

By: /s/ Joseph C. Gratz
Joseph C. Gratz
Timothy C. Saulsbury
Tiffany Cheung
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
Phone: 415-268-7000
Fax: 415-268-7522
Email: JGratz@mofo.com
Email: tsaulsbury@mofo.com
Email: tcheung@mofo.com

Sara Talebian
Morrison Foerster
2100 L St NW
Washington, DC 20037
Phone: 202-887-8791
Email: stalebian@mofo.com

Nicole M. Jantzi
Paul M. Schoenhard
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street NW
Washington, DC 20006
Phone: 202-639-7265
Fax: 202-639-7003
Email: nicole.jantzi@friedfrank.com
Email: paul.schoenhard@friedfrank.com

Amir Ghavi
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
Phone: 212-859-8552
Email: amir.ghavi@friedfrank.com

*Attorney for Defendants Bloomberg L.P. and
Bloomberg Finance L.P.*

By: /s/ Nada Djordjevic
Greg G. Gutzler
**DICELLO LEVITT LLP**
485 Lexington Avenue, Tenth Floor
New York, New York 10017
Telephone: (646) 933-1000
Facsimile: (646) 494-9648
ggutzler@dicellolevitt.com

Adam J. Levitt
Amy E. Keller
Nada Djordjevic
James A. Ulwick
Rebecca Trickey
*Admitted Pro Hac Vice*
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
rtrickey@dicellolevitt.com

Mr. Seth Haines
Mr. Timothy Hutchinson
*Admitted Pro Hac Vice*
RMP, LLP
5519 Hackett Street, Suite 300
Springdale, Arkansas 72762
Tel: (479) 443-2705
shaines@rmp.law
thutchinson@rmp.law

Mr. Scott Poynter
*Admitted Pro Hac Vice*
POYNTER LAW GROUP
4924 Kavanaugh Blvd.
Little Rock, AR 72207
Tel. (501) 812-3943
scott@poynterlawgroup.com

*Attorney for the Plaintiffs and Proposed
Class*

7

**SO ORDERED.**

**Date:** February 20, 2026

**New York, New York**

**MARGARET M. GARNETT**
**United States District Judge**

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

| | |
|---|---|
| MIKE HUCKABEE, RELEVATE GROUP, DAVID KINNAMAN, TSH OXENREIDER, LYSA TERKEURST, and JOHN BLASE *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> BLOOMBERG L.P., and BLOOMBERG FINANCE, L.P., <br><br> Defendants. | Case No. 1:23-cv-09152-MMG <br><br> **NON-DISCLOSURE STATEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Protected Discovery Material as defined in the Protective Order entered in the above-captioned Action.  I agree that I will not disclose such Protected Discovery Material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          By: _____

9